UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ASHLEY JIANG, | Case No. 2:24-cv-09707-FLA (JCx) |
|---|---|
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| v. | |
| TOUDAOTANG CO. INC., *et al.*, | |
| Defendants. | |

## ORDER TO SHOW CAUSE

On October 8, 2024, Plaintiff Ashley Jiang ("Plaintiff" or "Jiang") filed a Complaint against Defendant Toudaotang Technology, Co. Ltd., a Chinese corporation with its principal office at Guangzhou, People's Republic of China ("Toudaotang-China"), which Plaintiff alleges "is doing business as Toudaotang Co. Inc., a Connecticut corporation ("Toudaotang-Connecticut"), and individual Defendants Zongliang Zhou ("Zhou," erroneously sued as Zhongliang Zhou) and Cia Sun ("Sun") (collectively, "Defendants") in the Los Angeles County Superior Court. Dkt. 1-1 ("Compl.").[1]

Plaintiff alleges the following facts in the Complaint. On December 20, 2021, Plaintiff entered into a two-and-a-half year "Agency Contract" with Toudaotang-China, to help sell Toudaotang-China's beauty product merchandise in the United States. Compl. ¶¶ 2, 14. Pursuant to the Agency Contract, Plaintiff became the general agent for Toudaotang-China's products in California upon payment of one million Chinese *renminbi* ("RMB"). *Id.* ¶¶ 15, 17. The Agency Contract also provided that, upon payment of an additional one million RMB during the agency period (from December 20, 2021 to June 19, 2024), the Agency Contract would be renewed so that Plaintiff would become Toudaotang-China's general agent for the entire U.S. market. *Id.* ¶ 16. Toudaotang-China, however, did not renew the Agency Contract and designate Plaintiff its general agent for the entire U.S. market despite the second one million RMB payment having been made. *Id.* ¶ 18. In addition, Defendants Zhou and Sun promised to compensate Plaintiff for assigning the New York market to a third party, but failed to fulfill their promise. *Id.* ¶ 20.

On November 12, 2024, Defendants Toudaotang-Connecticut, Zhou, and Sun removed this action to federal court. Dkt. 1. The Notice of Removal states

---

[1] The court cites documents by the page numbers added by the court's CM/ECF system, rather than any page numbers that appear within the documents natively.

Toudaotang-Connecticut was "incorrectly named [as] Toudaotang Technology, Co. LTD[] in the Complaint[.]" *Id.* at 2.

Under California law, the designation of "dba" or "doing business as" indicates that a company operates under a fictitious business name. *See* Cal. Bus. & Prof. Code § 17900, *et seq.*; *Pinkerton's, Inc. v. Superior Court*, 49 Cal. App. 4th 1342, 1348 (1996); *Providence Wash. Ins. Co. v. Valley Forge Ins. Co.*, 42 Cal. App. 4th 1194, 1200 (1996) ("The designation 'dba' means 'doing business as' but is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity distinct from the person operating the business. The business name is a fiction, and so too is any implication that the business is a legal entity separate from its owner.") (cleaned up). Plaintiff does not present any legal authority to establish that a separate and distinct entity incorporated in Connecticut can serve as the fictional business name of a foreign corporation. *See* Compl.; Dkt. 22.

Accordingly, the court ORDERS Plaintiff to SHOW CAUSE in writing, within fourteen (14) days from the date of this Order, why the court should not dismiss Toudaotang-China from the Complaint with leave to amend, based on allegations that Toudaotang-China is doing business as Toudaotang Co. Inc. Plaintiff's response shall be limited to ten (10) pages in length. Plaintiff should also address whether it has effectuated lawful service of process on Toudaotang-China, separate from Toudaotang Co. Inc. Plaintiff's failure to respond timely and adequately to this Order shall result in the dismissal of Toudaotang-China from the Complaint with leave to amend.

IT IS SO ORDERED.

Dated: May 19, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge